UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANASTAS THEODORE HACKETT, TRAVELING MAN PRODUCTIONS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> INTERSCOPE RECORDS INC., CHINSEA LINDA LEE, Professionally known as SHENSEEA, ATAL MUSIC LIMITED, ALEXANDRE ESCOLIER, <br><br> Defendant. | CIVIL ACTION NO. <br><br> COMPLAINT OF DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES |

**COMPLAINT**

1.  The plaintiffs, Anastas Hackett and Traveling Man Productions, LLC., by and through their attorney, Courtney K. Davy, complaint against defendants, Interscope Records, Inc., Shinsea Linda Lee, Atal Music, Limited, and Alexandre Escolier, hereby states as follows.

2.  There is no civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

**INTRODUCTION**

3.  This is an action for willful copyright infringement being brought by the owners of the rights to the title song, "Work," a song written, produced, and performed by the plaintiff, Anastas Hackett, and registered with the United States Copyright Office. Defendants Shinsea Linda Lee, Interscope Records, Atal Music, and Alexandre Escolier, the credited purported writers of the song "Lick," and other defendants, copied and exploited, without authorization or credit, the "Work" composition.

1

4. This action seeks damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et. Seq.).

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) (copyright infringement); and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because

## THE PARTIES AND PERSONAL JURISDICTION

7. Plaintiff, Anastasia Hackett, is an individual who is a resident of the County of Kings, City, and State of New York.

8. Plaintiff, Traveling Man Productions, LLC, is a duly organized Limited Liability Company under the laws of the state of New York.

9. Defendant, Interscope Records, Inc. is a registered foreign corporation duly incorporated under the laws of the state of Delaware and duly registered with the New York State Department of States.

10. Defendant, Atal Music Limited ("Atal Music"), is a foreign corporation that, based on information and belief, is duly organized in the United Kingdom.

11. Defendant, Alexandre Escolier, is an employee, agent and/or servant of the defendant, Atal Music.

12. The defendant, Shinsea Linda Lee ("Shenseea"), is an individual whose stage name is, and based on information and belief, residence in the island of Jamaica.

13. Plaintiff, Anastas Hackett is a native of the County of Queens in the City and State of New York. Plaintiff, better known by his performing alias "Nas-T. Nas-T, a well-known artist and music producer in the Caribbean genre of music, has worked with numerous reggae artists such as Shabba Ranks

2

and Maxi Priest. Nas-T has received Grammy nominations and includes production credits for four songs for Aswad out of London on Mesa Blue Records, a subsidiary of Atlantic Records. Nas-T also played the drums on the legend Dennis Brown's project "Let Me Be the One," which was nominated for a Grammy. Nas-T has also recorded with Boogie Down Productions on the track World Peace. He has also played drums with Steel Pulse on the track "Can't Stand the Heat", which was a part of Spike Lee's "Do the Right Thing" soundtrack. Furthermore, Nas-T has also sat in on two performances in New York and New Jersey with the legendary band Third World.

14.     In 1999, while working in Trinidad and Tobago, Nas-t wrote, produced, and recorded the song "Work" with an artist known as Denise Belfon. The song was released in the United States and did well in both the United States and Trinidad. In 20, Nas-T was contacted by The Master at Work DJ duo, Little Louie Vega and Kenny Dope, who requested to use the song "work" in a remake of said song. The song was released by Tommy Boy Records and topped the charts in several countries, becoming a global anthem in the dance, soca, and reggae scenes.

15.     On July 9, 2010, the song "Work" was registered with the Copyrights Office with registration number SR-659-895.

16.     In September of 2021, BMG contracted defendants, Atal Music and Alexandre, regarding the clearing of samples that defendant Shenseea used on her now hit single "Lick," and indicated that said sample would appear as follows: request for the composition "Work" (Hackett/Taitt) in a new work entitled "Lick" by the artist Shenseea. The nature of the use of the original song is two-fold: (1) an isolated 8-second vocal sample of the phrase "put your back in it", which is found in the intro @ 0:00-0:08 and in the outro @ 2:23-2:31 of the new work; and (2) a 14-second re-sing of the same phrase ("put your back in it"), which is heard 6x in each chorus @ 0:23-0:37, 1:07-1:21, and 1:53-

2:07. In effect, the use of the phrase "put your back in it" is integral to the overall rhythmic feel of the new work and is a continual reminder of its relationship to the original song.

17. The defendant, Shenseea, is a new artist on Interscope Records. Shenseea appeared in the song "Lick", featuring Megan Thee Stallion. Accordingly, BMG's upside could be significant, particularly if the new work is commercially released as a single.

18. Plaintiff withheld his consent for the use of his song because of the inadequate terms offered by the defendant(s).

19. Notwithstanding the foregoing, defendants without authority or consent used significant parts of plaintiffs' music "work" without providing proper credit to the plaintiffs, released the song "Lick" on or about January 21, 2022, in violation of the United States Copyright Act.

20. In January of 2022, the defendants were placed on notice that they were using Plaintiffs' work without authorization and that they are infringing Plaintiffs' copyright, however, defendants have failed to correct their actions.

21. Instead, the defendants, specifically defendants, Atal Music and Defendant, Alexandre Escolier, continues to rely on their knowingly false claim to their alleged right to publish plaintiffs' work, notwithstanding them having knowledge that said claim was false.

22. Notwithstanding the foregoing, defendants have continued their unauthorized use of the Plaintiffs' work and are being wrongfully enriched, to the detriment of the plaintiffs.

**COUNT I:**
**COPYRIGHT INFRINGEMENT**

23. Plaintiffs adopts and alleges the allegations set forth in paragraphs 1through18 above as if fully and expressly set forth herein and further alleges as follows.

24. As set forth above, Plaintiff, Anastas Hackett, is the author of the song "Work" and Plaintiffs Anastas Hackett and the entity Travelling Man Productions, LLC are the copyright holders.

25. The work is the subject of Certificate of Copyright Registration No. SR 659-895 issued by the Registrar of Copyrights on July 9, 2010.

26. The Copyrights Act grants, Plaintiff the exclusive rights to reproduce and distribute the Work and works derivative thereof to the public.

27. Plaintiff did not publish the derivative work "Lick".

28. Without Plaintiffs' permission, Defendant has reproduced and distribute works derivative of Plaintiffs' Work to the public (the "Infringing Work"). A copy of the compilation (i.e. the Infringing Work) front and back jacket is attached hereto as exhibit "B."

29. The Infringing Work infringes on Plaintiffs Work, to wit, the published song incorporates Plaintiff's Nas-T lyrics and vocal performances.

30. Defendants has profited from the infringement of the Work.

31. Defendants have been on notice of Plaintiffs' claim of rights to the Work but has nonetheless willfully and/or negligently published and distributed the Infringing Work for their financial benefits.

32. Plaintiffs have been damaged as a result of the Defendants' actions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court:

(A)  pursuant to 17 U.S.C. § 502

   (1)  permanently enjoin Defendants and their agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with any of the aforementioned from publishing or trafficking the Infringing Work or any other work derivative of Plaintiffs' Copyright;

    (2)    order that Defendants to remove all copies of the Infringing Work from anychain of distribution including online and in stores

(1)    order that all labels, signs, prints, packages, wrappers, receptacles, photographs, and advertisements in the possession of the Defendants or their agents or co-conspirators, depicting or promoting the Infringing Work, or a colorable imitation thereof, and all plates, molds, matrices, negatives, and other means of making the same, be delivered up to this Court and destroyed;

(2)    order Defendants to file with the Court and serve on the Plaintiffs within thirty days (30) after the service on the Defendants of the permanent injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(B)    award Plaintiff damages, including copyright infringement damages pursuant to 17 U.S.C. § 504(b);

(C)    award Plaintiff Defendants' copyright infringement profits pursuant to 17 U.S.C. § 504(b);

(D)    award Plaintiff copyright infringement statutory damages pursuant to 17 U.S.C. §504(c)(1);

(E)    award Plaintiff maximum statutory damages for willful infringement of $150,000 pursuant to 15 U.S.C. § 504(c)(2);

(F)    award Plaintiffs their costs and attorneys' fees as part of the costs pursuant to 17 U.S.C. § 505;

(G)    For judgment that Defendants have violated the Copyright Act and that all such violations have been willful; and

(H)    For judgment assessing Defendants for the damages in excess of one hundred million dollars ($10,000,000.00) suffered by Plaintiffs, including an award of actual damages and Defendants' profits attributable to the infringement, or statutory damages (at Plaintiffs' election) under the Copyright Act, as well as costs and attorney's fees to the full extent provided for by Sections 501, 504 and 505 of the Copyright Act, 17 U.S.C. §§ 501, 504 and 505; damages and profits shall include all profits and damages resulting from exploitation of the work domestically and internationally, as well as any and all profits and damages in the following categories attributable to the infringement, including but not limited to:

(1) Record sales;
(2) Downloads;
(3) Ringtones;
(4) Ringback tones;
(5) Public performance revenues;
(6) Digital revenue;
(7) Streaming revenue;
(8) Synchronization licensing;
(9) Merchandising;
(10) Public appearances;
(11) Endorsements;
(12) Sponsorships;
(13) Spokesperson work;
(14) Touring revenue;
(15) Advertising revenue;
(16) Appearance fees;
(17) Name and likeness income and increase in value;
(18) Rights of publicity income and increase in value;
(19) Increased value all Defendants' publishing and/or record company and/or companies;
(20) Increased value of all Defendant's, including Sheeran's and Wadge's catalogues;
(21) Increased value of music publishing and/or record royalties and rights;
(22) Increased value of social media rights, accounts and value;
(23) Increased goodwill;
(24) Promotional value;
(25) Increased value of royalty rate for record deals;
(26) Increased value in distribution deals, negotiating power and reduction in costs;
(27) Value of obtaining lower cost of administration fees and/or increased advances for publishing deals;
(28) Value of obtaining better terms for record company advances and terms and multi-record deals;
(29) Value of obtaining better terms of publishing and/or recorded master deals for the existing catalogue and for future works;
(30) Increased value in negotiating 360 deals with record companies and/or publishers;
(31) Sheet music sales and sheet folio income;
(32) Any and all music publisher income;
(33) Any and all record master income;
(34) Any and all record income;
(35) Any and all Sound Exchange, BMI, ASCAP, PRS, SESAC, PPL, SOCAN, MCPS, Harry Fox Agency, and any and all collection society, mechanical society and performance society income worldwide;
(36) Any and all producer royalty income;

(37) Any and all arrangement income;
(38) Any and all income derived from any existing medium or any medium hereinafter developed worldwide;
(39) Any and all income from any new collection society and/or collection agency to be created anywhere in the world, including by the U.S. Congress under the Music Modernization Act;
(40) Any and all income from any society to which any Defendant belongs or joins in the future;
(41) Any and all income and/or residuals from SAG-AFTRA;
(42) Any and all income from Apple, iTunes, Amazon, Spotify, Pandora, Rhapsody, and any and all download and streaming services; and
(43) Any and all of Defendants' equity interests in Spotify, and any other music streaming or download services or companies in;

(I) grant such other and further relief as the Court deems just and proper.

REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

Dated: New York, New York
      March 3, 2022

Respectfully Submitted,

___/s/_____
Courtney K. Davy, Esq.
299 Broadway, Suite 1700
New York, NY 10007
212-786-2331
516-850-18

9