UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANASTAS THEODORE HACKETT; and TRAVELING MAN PRODUCTIONS, LLC, | 22-Civ-01868-MKV |
| Plaintiffs, | **ANSWER AND DEMAND FOR JURY TRIAL** |
| - against - | |
| INTERSCOPE RECORDS INC.; CHINSEA LINDA LEE, p/k/a SHENSEEA; ATAL MUSIC LIMITED; and ALEXANDER ESCOLIER, | |
| Defendants. | |

---

Defendants UMG Recordings, Inc. ("UMGR") (erroneously sued as Interscope Records, Inc.) and Chinsea Linda Lee, p/k/a Shenseea (together, "Defendants") hereby answer the complaint (the "Complaint") of Plaintiff Anastas Theodore Hackett ("Plaintiff")[1] as follows:

## AS TO THE COMPLAINT

1. Defendants admit that the Complaint purports to contain allegations stated by Plaintiff through his former attorney.

2. Defendants are presently unaware of any civil action pending in this Court between these parties arising out of the same transaction or occurrence as alleged in the Complaint, and Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2 of the Complaint.

## AS TO THE INTRODUCTION

3. Defendants deny the allegations in Paragraph 3 of the Complaint, except admit that the Complaint purports to state a claim for copyright infringement.

---

[1] Plaintiff Traveling Man Productions, LLC was dismissed from this case on December 28, 2022.  Dkt. 41

4. Defendants admit that the Complaint purports to seek injunctive relief and damages for copyright infringement, and deny the remaining allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 contains allegations of law, not fact, to which no response is required. To the extent a response is required, Defendants do not dispute that this Court has subject matter jurisdiction over Plaintiff's claims, and deny the remaining allegations contained therein.

6. Paragraph 6 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint and note that Paragraph 6 fails to state any basis for venue in this District.

## AS TO THE PARTIES AND PERSONAL JURISDICTION

7. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint.

4890-2225-9254v.5 0116085-000005

14. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint.

17. Defendants admit that Shenseea released the song "Lick," featuring Megan Thee Stallion, but otherwise deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

## AS TO COUNT I: COPYRIGHT INFRINGEMENT

23. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-22 of their Answer.

24. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26 of the Complaint.

4890-2225-9254v.5 0116085-000005

27. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

With respect to the Wherefore clauses in the Complaint, Defendants deny that Plaintiff is entitled to any relief. Defendants demand a jury on all triable issues.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Defendants deny all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer. To the extent the headings contained in the Complaint constitute allegations, such allegations are denied.

## AFFIRMATIVE DEFENSES

Further responding to the Complaint, Defendants assert the following defenses. Defendants do not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, Defendants do not in any way waive or limit any defenses that are or may be raised by its denials, allegations, and averments set forth herein. The defenses are pleaded in the alternative, are raised to preserve Defendants' right to assert such defenses, and are raised without prejudice to Defendants' ability to raise other and further defenses. Defendants reserve the right to amend, supplement, and/or otherwise modify this

4890-2225-9254v.5 0116085-000005

Answer, including, without limitation, the right to assert additional defenses which become known to it through discovery or otherwise.

### FIRST DEFENSE

The Complaint, together with each of its claims for relief, is barred because it fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Without in any way admitting any infringement, which is denied, the conduct complained of in the Complaint was impliedly and/or expressly licensed.

### THIRD DEFENSE

Without in any way admitting any infringement, which is denied, Plaintiff's damages, if any, are limited because the alleged infringement was innocent.

### FOURTH DEFENSE

Plaintiff's alleged damages, if any, are the sole and direct result of forces, acts and omissions independent of Defendants, and were not proximately caused by the alleged use of "Work."

### FIFTH DEFENSE

Plaintiff fails to state any basis for the injunctive relief pursuant to 17 U.S.C. § 202 and 28 U.S.C. § 1498.

### SIXTH DEFENSE

Plaintiff's claim and/or the remedies Plaintiff seeks are barred by the doctrine of waiver.

### SEVENTH DEFENSE

Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the failure to comply with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including, but not limited to, 17 U.S.C. §§ 401 and 408, and each of them.

4890-2225-9254v.5 0116085-000005

## EIGHTH DEFENSE

The alleged infringement, or remedies Plaintiff seeks, or Plaintiff's claim of authorship or ownership of the alleged infringed copyright, is barred, in whole or part, by statutes of limitation, including, *inter alia*, 17 U.S.C. § 507(b).

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request the following relief:

1. A judgment in favor of Defendants, denying Plaintiff all relief requested in the Complaint and dismissing the Complaint with prejudice;

2. Defendants be awarded their costs of suit, including reasonable attorney's fees; and

3. The Court award Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 19, 2023

Respectfully submitted,

*/s/ Adam I. Rich*
Adam I. Rich
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel.: (212) 489-8230
Email: adamrich@dwt.com

*Attorneys for Defendants UMG Recordings, Inc. (erroneously sued as Interscope Records, Inc.) and Chinsea Linda Lee*